New York County.—Hon. D. G. ROLLINS, Surro-
gate.—December, 1884.

Nicholson *v.* Myers.

*In the matter of the probate of the will of* Rhomelia
M. Myers, *deceased.*

Upon an application, made more than thirty years after the date of its
alleged execution, for the probate of decedent's will, F., one of the
subscribing witnesses, testified that he signed it as such, and saw it
signed by the decedent and by the other witness, since deceased;
that, according to his best recollection, which, however, he admitted
was indistinct, decedent signed while seated at a stand in a room of her
residence, thereafter yielding her seat to F., who, after signing, gave
place in like manner to the second witness.   The only other evidence
was that afforded by an attestation clause, which lacked the usual com-
pleteness of form, being to the following effect: "Signed and acknowl-
edged by said (decedent) as her last will and testament in our presence;
and signed by us in her presence."—
*Held,* though with some hesitation, that there was sufficient evidence of a
virtual acknowledgment, by decedent, of the testamentary character of
the instrument, and request to the witnesses to sign as such; and that
the petition for probate must be granted.

Application for the probate of decedent's will,
made by Mary H. Myers, widow of decedent's de-
ceased husband; opposed by Mary E. Nicholson, and
others, decedent's children.

Geo. R. Brown, *for proponent.*

Edward Fitch, *for contestants.*

Vol. iii.—13

THE SURROGATE.—I find, though with some hesitation, that the paper here propounded for probate, was duly executed by this decedent as her will. Mr. A. W. French swears that he signed it as an attesting witness; that he saw the testatrix sign it, and saw it signed also by his fellow subscribing witness, who is now dead. This was more than thirty years ago. It is not singular, therefore, that the particular circumstances surrounding the transaction no longer remain in Mr. French's memory. As to whether the decedent declared the paper to be her last will, or was silent on that subject; and as to whether she formally requested the witnesses to act as such or failed to do so, he has no recollection whatever. Upon this state of facts, there being no cause for suspecting the validity of the paper propounded, I should unhesitatingly admit it to probate, if it contained a full attestation clause, reciting that it had been signed by the witnesses upon the decedent's invitation, and that it had been declared by her to be her last will (see Rolla v. Wright, 2 *Dem.*, 482; *and cases cited*).

The attestation clause falls short, however, of this completeness. It is in the following words: " Signed and acknowledged by said Rhomelia M. Myers as her last will and testament in our presence; *and signed by us in her presence.*"

The words italicised, when read in the light of certain portions of the testimony of Mr. French, justify me in holding that, when he and the other subscribing witness signed the attestation clause, they must have acted in compliance with a virtual request of the decedent, that they should thus participate in the

execution of her will. Mr. French testifies that, according to the best of his recollection (though he admits his recollection is indistinct), Mrs. Myers signed this disputed paper while seated at a stand between the windows of a room in her residence; that, when she affixed her signature, she arose and yielded her seat to one of the witnesses; that he thereupon placed his name upon the paper, and then surrendered it to the other witness, who followed his example. Now, if the statements of the attestation clause be taken as true, these acts of the witnesses were performed in the immediate presence of the decedent, with her evident acquiescence and approval, and, indeed, by her actual procurement; and they were performed, too, in connection with a paper which she, *then and there*, acknowledged to be her will. The circumstances involve, it seems to me, a substantial " request," on her part, which fully answers the requirements of our statute of wills.

Unless, therefore, the contestant wishes to urge some objections to the validity of this paper, other than those which relate to the validity of its execution, it must be admitted to probate.